UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMOS SNOWDEN,
    Plaintiff,

vs.                                      Case No.: 3:22cv9370/MCR/ZCB

JEFF BERGOSH
and WILLIAM RICH POWELL,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Escambia County Jail. He is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Third Amended Complaint. (Doc. 11).

The Court has screened the Third Amended Complaint as required by 28 U.S.C. § 1915A(b)(1) and § 1915A and determined that Plaintiff's claims are subject to dismissal for failure to state a claim. Plaintiff has been given an opportunity to cure this pleading deficiency, but he has failed to do so. (Docs. 8, 10). For this reason, Plaintiff's Third Amended Complaint should be dismissed with prejudice.

**I.    Statutory Screening Standard**

Federal statutes require the Court to dismiss a complaint filed by a prisoner or a plaintiff proceeding IFP if the complaint is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing IFP actions); 28 U.S.C. § 1915A (governing prisoner actions seeking redress from a governmental entity, officer, or employee); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). This means that dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) and § 1915A are governed by the same standard as Rule 12(b)(6). *See id*.

Under Rule 12(b)(6), a complaint's allegations are taken as true and construed in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted

unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (cleaned up). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (cleaned up). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## II.   Plaintiff's Third Amended Complaint

Plaintiff's Third Amended Complaint is the operative pleading. (Doc. 11). Plaintiff names two Defendants, Escambia County Jail Administrator William Powell and Escambia County Commissioner Jeff Bergosh. (*Id.* at 1-2). Plaintiff indicates he is suing Defendant Powell in his official capacity only. (*Id.* at 2). He does not indicate in which capacity he is suing Defendant Bergosh (*id.*), so the Court liberally construes his pleading as asserting both individual and official capacity claims.

3

Plaintiff alleges that contaminated water leaks from the base of the toilet in the cells at the jail. (*Id.* at 5). He alleges that water also leaks from the ceilings, walls, and windows when it rains, causing cells to flood. (*Id.*). Plaintiff alleges black mold is present on the walls of the cells and in the showers, and there is "water damage." (*Id.*). Plaintiff's Statement of Claims states, "Water damages and leaking toilets." (*Id.* at 7). He seeks $250,000. (*Id.*).

### III. Discussion

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff's Third Amended Complaint simply describes the conditions at the jail, with no allegations about how the conditions deprived him of a right secured by the Constitution or federal law. (Doc. 11 at 5, 7). The Court previously notified Plaintiff (in two separate orders) that if he wished to bring a § 1983 claim against a state actor, he must follow the instructions on the complaint form (specifically, the

4

instructions in the Statement of Claims section) and "[s]tate what rights under the Constitution, laws, or treaties of the United States have been violated. (*id.* at 7). (Docs. 8, 10).[1]  Despite the Court's notifying Plaintiff of this requirement and providing him opportunities to file an amended complaint that satisfies it (*see id.*), Plaintiff's Third Amended Complaint still does not state what right(s) under the Constitution or federal law that Defendants have violated.  This pleading deficiency, alone, justifies dismissal of the Third Amended Complaint for failure to state the elements of a § 1983 claim.

Even if the Court read the Third Amended Complaint as asserting a claim that Defendants subjected him to unconstitutional conditions-of-confinement, Plaintiff has not stated a basis for holding Defendant Bergosh or Defendant Powell liable in either their individual or official capacities.

A pretrial detainee's rights "exist under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009); *see also Jacoby v. Baldwin Cnty.*, 835

---

[1] The Court told Plaintiff that although it must liberally construe his *pro se* complaint, this leniency "does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GRJ Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

5

F.3d 1338, 1344 (11th Cir. 2016). Nevertheless, the Eleventh Circuit historically has treated pretrial detainees' Fourteenth Amendment conditions-of-confinement claims and convicted prisoners' Eighth Amendment conditions-of-confinement claims identically. *See Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1188 (11th Cir. 2020) (applying Eighth Amendment's deliberate indifference standard to pre-trial detainee's Fourteenth Amendment claim of inadequate medical treatment); *see also Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (stating that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments") (quotation omitted).[2]

The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the health and safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up). To establish a deliberate indifference claim under the Eighth Amendment, an inmate must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross

---

[2] In *Kingsley v. Hendrickson*, the Supreme Court stated that the language of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause "differs, and the nature of the claims often differ." 576 U.S. 389, 397-402 (2015) (adopting a different test to evaluate pretrial detainees' excessive-force claims than the test used to evaluate convicted prisoners' excessive-force claims). The Eleventh Circuit subsequently stated that *Kingsley* "is not squarely on point with and does not actually abrogate or directly conflict with" precedent outside of the context of an excessive-force claim. *See Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (quotations omitted).

negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (cleaned up). The requirement of subjective culpability means that it is not enough for a plaintiff to merely establish that "a reasonable person would have known, or that the defendant should have known" of a substantial risk of serious harm. *Farmer*, 511 U.S. at 843 n.8.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (cleaned up). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* (cleaned up).

"The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Id.* (cleaned up). "Alternatively, the causal connection may be established when a supervisor's custom or policy . . . results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that

the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (cleaned up).

The "custom or policy" theory may also provide a basis for holding the municipality itself liable—in this case, Escambia County. Where a plaintiff sues a county employee in his official capacity (as Plaintiff does with Defendant Powell), the suit is effectively an action against the governmental entity that the defendant represents *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005) (citations omitted). A civil rights plaintiff suing a municipal entity such as Escambia County must show (1) "his constitutional rights were violated," (2) the county "had a custom or policy that constituted deliberate indifference to that constitutional right," and (3) "the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words, Plaintiff must identify a particular municipal "policy" or "custom" that caused the constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

To establish a county policy, a plaintiff must "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Glech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003); *Griffin v. City of Opa–*

8

*Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001); *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999) ("A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." (cleaned up)).

"Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the county has a custom or practice of permitting it and that the county's custom or practice is the moving force behind the constitutional violation." *Glech*, 335 F.3d at 1330 (cleaned up). "[A] municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." *Griffin*, 261 F.3d at 1307 (cleaned up); *see also Hines v. Parker*, 725 F. App'x 801, 806 (11th Cir. 2018). "If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Here, Plaintiff has not plausibly alleged that Commissioner Bergosh, Jail Administrator Powell, or the County had a policy or practice that led to inmates'

9

exposure to the waters leaks, leaking toilets, mold, or "water damage." Nor has Plaintiff plausibly alleged that Commissioner Bergosh, Administrator Powell, or any County policymaker knew of those conditions (either before or after they occurred), knew that the conditions posed a substantial risk of serious harm to inmates, and disregarded the risk by conduct that was more than negligent. *See Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004) (stating that to be liable for denying an inmate humane conditions, the plaintiff must prove "the official knows of and disregards an excessive risk to inmate health or safety"). Without such allegations, Plaintiff has not stated a plausible basis for individual or official liability on the part of Commissioner Bergosh or Administrator Powell under § 1983. Dismissal is, therefore, warranted.

## IV.   Conclusion

The Court has notified Plaintiff of the elements of a § 1983 claim and the legal standard for stating a plausible claim for relief regarding the conditions of his confinement at the Escambia County jail. Despite this notification and the Court previously providing Plaintiff with opportunities to file an amended complaint that states a plausible claim for relief, Plaintiff's Third Amended Complaint is insufficient to satisfy the federal pleading requirements. For this reason, the Third

Amended Complaint should be dismissed with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii) and 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED** that:

1.  Plaintiff's Third Amended Complaint be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2.  The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 28th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

11